**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:08-CR-056 |
| | § | ECF |
| TREY DUSTIN TAYLOR | § | |

DEFENDANT'S MEMORANDUM IN
SUPPORT OF DISCOVERY AND INSPECTION

The Defendant, TREY DUSTIN TAYLOR, having duly filed a Motion for Discovery and Inspection, respectfully shows the Court the following in support of such Motion.

GENERAL

Rule 16 of the Federal Rules of Criminal Procedure provides for discovery and inspection in criminal cases. Rule 16 should be liberally construed to allow discovery. *United States v. Anderson*, 254 F. Supp. 177 (W.D. Ark. 1966). One object of this liberalized discovery procedure is to encourage guilty pleas and save the expenses of a trial. *United States v. Gladney*, 563 F.2d 491 (1st Cir. 1977). The spirit of such liberalized discovery rules is to void trial by ambush. *United States v. Kelly*, 470 F.2d 26 (2d. Cir. 1969).

The items requested in Defendant's Motion for Discovery and Inspection are properly discoverable under Rule 16 of the Federal Rules of Criminal Procedure. In *Dennis v. United States*, 384 U.S. 855 at 873 (1966), the Supreme Court said:

> In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts. Exceptions to this are justifiable only by the clearest and most compelling considerations.

Further, the courts have held that Rule 16 of the Federal Rules of Criminal Procedure requires the Government to provide documents or other evidence which will play an important role in uncovering admissible evidence, aiding witness preparation, coordinating testimony, or assisting impeachment and rebuttable. *United States v. Secord*, 726. F. Supp. 845 (D.D.C. 1989).

In the present case, full disclosure of relevant material and information is of special significant importance when considering the complexity of the case. Such information is needed for the defense to adequately prepare for trial and to anticipate the evidence to be offered by the Government.

## FAVORABLE, NEGATIVE, AND INTENT EVIDENCE

The Government has a duty to disclose all evidence or material favorable to the accused upon the request of the accused. This duty is not only imposed upon the Government by Rule 16 of the Federal Rules of Civil Procedure, but also by the Fourteenth Amendment to the United States Constitution. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196 (1963); *United States v. Augurs*, 427 U.S. 97, 107, 96 S. Ct. 2392, 2399 (1976).

## STATEMENTS OF DEFENDANTS AND CO-CONSPIRATORS

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure provides that upon request of a defendant, the following information is discoverable:

1. Any written or recorded statements of the defendant within the possession of the Government; and

2. The substance of any oral statements made by the defendant which the Government intends to use at trial.

The discovery of all statements made by the defendant before and after arrest is essential to the proper preparation of defense because a lawyer's advice to his client at every stage of a

criminal case is, and quite properly should be, dependent upon the contents of such statements. It is also necessary for the lawyer to have such statements in order to properly advise the defendant and to properly insure that the defendant is provided all his rights under the Constitution.

This rule has been interpreted not only to apply to the defendant's own written or recorded statements or confessions in custody of the Government, but also to apply to the statements of co-conspirators since such statements can be admitted into evidence against the defendant as if they were his own. *United States v. Taylor*, 707 F. Supp. 696 (S.D.N.Y. 1989).

## IMPEACHING AND EXONERATIVE EVIDENCE

It is a matter of fundamental fairness and justice and the clear intent of Congress that the accused be provided with the information known to the government which would or could be utilized by the defendant to impeach the testimony of Government witnesses. Further, any information relating to which may lead to an exculpatory statement made by a Government witness should be as a matter of fairness, disclosed. *United States v. Taylor*, 707 F. Supp. 696 (S.D.N.Y. 1989).

## CRIMINAL RECORDS

Under Rule 16(a)(1)(C) Defendant is entitled to prior criminal records of each person named in indictment as a defendant or co-defendant. *United States v. Brighton Building & Maintenance Co.*, 435 F. Supp. 222 (1977), affirmed 598 F.2d 1101, cert. den'd 444 U.S. 840, 100 S. Ct. 79.

In addition there is no substantial reason for not compelling the Government to produce, prior to trial, criminal records of prospective witnesses when such records have come to the attention of the prosecution in the ordinary course of preparation for trial. *United States v. Stroop*, 121 F.R.D. 269 (E.D.N.C. 1988).

## REPORTS ON EXAMINATIONS AND TESTS

Rules 16(a)(1)(D) allows for the discovery of results and reports of physical or mental examinations and of scientific tests or experiments conducted by the Government. *United States v. Taylor*, 707 F. Supp. 696 (S.D.N.Y. 1989).

## DOCUMENTS AND TANGIBLE ITEMS

Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure provides for the discovery, upon defendant's request, of books, papers, documents, photographs, and other tangible items which are in the possession, custody or control of the Government in three situations. The situations are:

1. If such items are necessary to the preparation of defendant's defense; or
2. Will be offered by the Government in its case in chief; or
3. Was obtained from or belongs to the defendant.

In *United States v. Tanner*, 279 F. Supp. 457 (N.D. Ill. 1967) the Court established a standard or materiality and relevance in viewing production under Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure. The Court said that the standard of materiality for discovery under Rule 16(a)(1)(C) is one of relevance. Discovery is permitted if matters sought are relevant to the subject matter of the proceeding. However, it is no longer necessary for the defendant to make a showing of materiality in order for him to inspect items which the Government intends to use as evidence in chief at trial (Advisory Committee Notes to 1975 Amendment of Rule 16). Likewise, no specific showing of materiality is required with respect to items obtained from or belonging to the Defendant. These two classifications of property are deemed to be material without a further showing (Advisory Committee Notes to 1975 Amendment to Rule 16).

The Defendant, therefore, respectfully requests this Honorable Court to direct the

Government to produce for copying and inspection all the information so requested.

Respectfully submitted,

**MARK S. SNODGRASS, P.C.**
**ATTORNEYS AT LAW**
1212 Texas Ave.
Lubbock, Texas 79401
Ph. No. (806) 762-0267
Fax No. (806) 741-1667
Email: marksnodgrass@sbcglobal.net

By: *<u>/s/</u>* <u>Mark S. Snodgrass</u>
Mark S. Snodgrass
State Bar No. 00795085

## CERTIFICATE OF SERVICE

I, MARK S. SNODGRASS., certify that on the October 23, 2008, a copy of the foregoing was delivered to the United States Attorney's Office at 1205 Texas Avenue, 7th Floor, Lubbock, Texas, 79401.

*<u>/s/</u>* <u>Mark S. Snodgrass</u>
Mark S. Snodgrass