**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:08-CR-056 |
| | § | ECF |
| TREY DUSTIN TAYLOR | § | |

**DEFENDANT'S MOTION FOR PRODUCTION**
**OF EVIDENCE FAVORABLE TO THE ACCUSED**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, TREY DUSTIN TAYLOR, by and through MARK S. SNODGRASS counsel of record, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, respectfully moves the Court for an Order directing the Government's attorney to make available for the Defendant's inspection and copying or photographing, any evidence or information within the possession, custody or control of the United States Government the existence of which is known, or by the exercise of due diligence may become known, to the Government's attorney, and which is favorable to the Defendant on the issue of guilt or innocence, which may be useful for the purpose of impeachment, or which might tend to mitigate punishment should the Defendant be found guilty.

I.

Pursuant to the due process clause of the Fifth Amendment to the United States Constitution, Defendant respectfully moves the Court for an Order directing the Government's attorney to produce for Defendant's benefit, prior to trial, the following:

1. The names and addresses of all persons who have, or may have information which is favorable to the Defendant or which is inconsistent, in any way, with the Government's theory of

the case.

2. The names and addresses of all persons interviewed by the Government in connection with the investigation of this cause but who the Government does not intend to call as witnesses at Defendant's trial.

3. Any written or recorded statements of any person interviewed by the Government in connection with the investigation of this case but who the Government does not intend to call as a witness at Defendant's trial.

4. Those portions of any reports (including reports prepared by investigative or law enforcement officers or agents), memoranda, notes, or other writings or recordings which contain a verbatim account or a summary of the substance of any oral statement made by any person which is favorable to the Defendant or which is inconsistent, in any way, with the Government's theory of the case.

5. Those portions of any reports (including reports prepared by investigative or law enforcement officers or agents), memoranda, notes or other writings or recordings which contain a verbatim account or summary of the substance of any oral statement made by any person interviewed by the Government in connection with the investigation of this case but who the Government does not intend to call as a witness at the Defendant's trial.

6. Any written or recorded statement or report of any person (including reports of investigative or law enforcement officers or agents) which contain information which is inconsistent, in any way, with the Government's theory of the case, including the substance and results of any polygraph examination administered to any co-defendant herein.

II.

Pursuant to the due process clause of the Fifth Amendment to the United States Constitution, Defendant respectfully moves the Court for an order directing the Government's attorney to produce, outside the presence and hearing of the jury, for Defendant's inspection after each witness has testified on direct examination, the following designated items:

1. All written or recorded statements or reports previously made by any person other than the witness which contradicts the witness on any portion of the direct testimony or which attributes to the witness any statement which is inconsistent with any testimony given by the witness on direct examination.

2. That portion of the Grand Jury testimony or any other person other than the witness which contradicts the witness on any portion of his direct testimony or which attributes to the witness any statement which is inconsistent with any testimony given by the witness on direct examination.

3. Any FBI Identification Sheet or any other document or writing (commonly known as a "rap sheet") showing all prior arrests and convictions of the witness.

4. A memorandum setting out in detail all offers of immunity, promises of leniency, or threats of prosecution communicated to the witness, directly or indirectly, in order to secure said witness' testimony.

III.

Because the Government's attorney is charged with the responsibility of prosecuting the Defendant and securing a conviction of the Defendant and is, therefore, likely to view all evidence and information which is within the exclusive control of the Government differently than it would be viewed by one charged with the responsibility of presenting the Defendant's case, Defendant respectfully moves the Court to adopt and implement the following procedures

in order to protect the Defendant's right of access to favorable evidence and information within the exclusive possession and control of the Government.

A. After the Government has rested its case in chief, Defendant would request the Court to instruct the Government's attorney to produce for Defendant's inspection the following designated items:

1. All portions of the Grand Jury testimony of each person who testified for the Government during its case in chief, which were not otherwise produced for Defendant's inspection immediately after the direct examination of each Government witness.

2. The entire Grand Jury testimony of each person who appeared before the Grand Jury in connection with its investigation of this cause but who did not testify for the Government during its case in chief.

3. Those portions of all written or recorded statements or reports made by persons who testified for the Government during its case in chief (including reports prepared by investigative or law enforcement officers or agents who testified) which were not otherwise produced for Defendant's inspection immediately after the direct examination of each Government witness.

4. All written or recorded statements made by persons who were interviewed by the Government in connection with the investigation of this cause but who were not called as witnesses by the Government during presentation of its case in chief.

5. All reports, memoranda, notes, writings or recordings, which have not been otherwise produced for the Defendant's inspection, which were prepared in

connection with the investigation of this case by investigative or law enforcement officers or agents who did not testify for the Government during its case in chief.

B. If the Court declines to implement the procedure requested by the Defendant in paragraph III(A) above, then, without waiving Defendant request for the adoption and implementation of such procedure, Defendant respectfully moves the Court to do the following:

1. To instruct the Government's attorney to deposit with the Court, for an in camera inspection, all of the items listed in Paragraph III(A), (1) through (5) above, together with all other evidence of information contained in the file of the Government's attorney.

2. After making an in camera inspection of all above listed items Defendant would respectfully move the Court to do the following:

   a) Make copies of all such items turned over to the Court and to mark each individual item as a Court's exhibit;

   b) Make available for Defendant's inspection all such Court's exhibits, or portions thereof, which the Court deems as evidence or information favorable to the Defendant; and

   c) To seal all such Court's exhibits and portions thereof, not produced by the Court for Defendant's inspection and to make all such non-produced Court's exhibits, and portions thereof, a part of the record in this case for review.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Motion be granted in its entirety.

Respectfully submitted,

**MARK S. SNODGRASS , P.C.**
**ATTORNEY AT LAW**
1212 Texas Ave.
Lubbock, Texas 79401-4025
Ph. No. (806) 762-0267
Fax No. (806) 741-1667
Email: marksnodgrass@sbcglobal.net

By: /s/ Mark S. Snodgrass
Mark S. Snodgrass
State Bar No. 00795085

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion, has been delivered to the United States Attorney's Office, Room 700, 1205 Texas Avenue, Lubbock, Texas 79401, on October 23, 2008

/s/ Mark S. Snodgrass
Mark S. Snodgrass

## CERTIFICATE OF CONFERENCE

This is to certify that I have had a conference with Mr. Steve Sucsy, Assistant United States Attorney, in charge of the above-styled and numbered cause; and at the time of filing this Motion, the Government will comply with *Brady & Giglio*.

SIGNED

/s/ Mark S. Snodgrass
Mark S. Snodgrass