**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:08-CR-056 |
| | § | ECF |
| TREY DUSTIN TAYLOR | § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PRODUCTION OF EVIDENCE FAVORABLE TO THE ACCUSED**

The Defendant, TREY DUSTIN TAYLOR, having duly filed a Motion for Production of Evidence Favorable to the Accused, respectfully shows the Court the following in support of such Motion.

GENERAL

As a rule the Government has a due process obligation to supply the Defendant evidence not otherwise known to Defendant which is material to disproving Defendant's guilt, reducing Defendant's punishment, or impeaching witnesses. *Brady v. Maryland*, 373 U.S. 83 (1963); *Moore v. Illinois*, 408 U.S. 786 (1972). A motion seeking production by the Government of all evidence in its possession that is favorable to the Defendant and material to the issue of guilt or punishment should be granted. *United States v. Partin*, 320 F. Supp. 275 (E.D.La. 1970). This rule exists to insure that a trial is indeed a search for the truth based on all relevant material and not just a route whereby the Government may claim another conviction. Because of the imbalance of investigative resources, the Government and not the Defendant may have exclusive control of such relevant exculpatory material. *United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971). In order to ensure a fair trial it is most necessary to provide the Defendant with access to such

exculpatory evidence. *United States v. Bryant*, 439 F.2d 642; *United States v. Polluck*, 417 F. Supp. 1332 (D. Mass. 1976).

STATEMENTS BY PERSONS WITH KNOWLEDGE OF THE CASE

Statements of all persons who have knowledge of the case, or who have been interviewed in connection with the case, whom the Government does not plan to call as witnesses, are discoverable. Rule 16(a)(1)(C); *United States v. Marshak*, 364 F. Supp. 1005 (S.D.N.Y. 1973); *United States v. Kearney*, 436 F. Supp. 1108 (S.D.N.Y. 1977). The need for disclosure of the names and addresses of the persons with knowledge of the case whom the Government does not plan to call is of great importance. These persons may have information favorable to the accused, and such information should be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Moore v. Illinois*, 408 U.S. 786 (1972).

IMPEACHMENT OF GOVERNMENT WITNESSES

Once the Government has presented its witnesses, materials held by the Government which could be used by the Defendant for the purpose of impeachment must be provided the Defendant. *Brady v. Maryland*, 373 U.S. 83; *Moore v. Illinois*, 408 U.S. 786. For purposes of cross-examination it may well become relevant to inquire into the possible criminal background of the Government's witnesses; at that time the Government would be obligated to come forward with the witnesses' criminal records. *United States v. Johnson*, 298 F. Supp. 58 (N.D.Ill. 1969).

In addition the Defendant has a 5th Amendment due process right to know of any plea bargain arrangements between the Government and its witnesses. *United States v. Fontenot*, 483 F.2d 315 (5th Cir. 1973). The Government has an absolute obligation to inform Defendant of all things of value or benefit afforded witnesses being relied on at trial. *United States v. Acosta*, 386 F. Supp. 1072 (S.D. Fla. 1974).

## GRAND JURY PROCEEDING

In *United States v. Hughes*, 413 F.2d 1244 (5th Cir. 1969), it was held that Grand Jury testimony recorded by transcript is discoverable. See also *Dennis v. United States*, 384 U.S. 855 (1966). Such testimony should be produced when the Government fails to demonstrate a need for secrecy and where the defense shows a small necessity for such evidence. *Nolan v. United States*, 395 F.2d 283 (5th Cir. 1968).

The Defendant, therefore, respectfully requests this Honorable Court to direct the Government to produce for copying and inspection all the information so requested.

Respectfully submitted,

**MARK S. SNODGRASS, P.C.**
**ATTORNEY AT LAW**
1212 Texas Ave.
Lubbock, Texas 79401
Ph. No. (806) 762-0267
Fax No. (806) 741-1667
Email: marksnodgrass@sbcglobal.net

By: /s/ Mark S. Snodgrass
Mark S. Snodgrass
State Bar No. 00795085

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Memorandum has been delivered to the United States Attorney's Office at 1205 Texas Ave, 7th Floor, Lubbock, Texas, 79401 United States Courthouse, on October 23, 2008.

*/s/* Mark S. Snodgrass
Mark S. Snodgrass