# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

## First Amended Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Trey Dustin Taylor — Case No.: 1:08-CR-056-H(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sam R. Cummings (Case reassigned to U.S. District Judge James Wesley Hendrix on August 9, 2019.) |
| Date of Original Sentence: | May 1, 2009 |
| Original Offense: | Interstate Receipt of Child Pornography and Aiding and Abetting, 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2, a Class C felony |
| Original Sentence: | 188 months custody, 30-year term of supervised release |
| Revocations: | April 7, 2022: 11 months custody to run consecutively to any sentence imposed in Case Nos. DC-2021-CR-0730 and DC-2021-CR-0330 pending in the 140th District Court, Lubbock County, Texas, 60 Month term of supervised release |
| Detainers: | None |
| U.S. Marshals No.: | 37591-177 |
| Type of Supervision: | Supervised Release — Date Supervision Commenced: July 29, 2024 |
| Assistant U.S. Attorney: | Steven M. Sucsy — Defense Attorney: Mark S. Snodgrass (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

*Since the Petition for Person Under Supervision was filed on July 30, 2025, there have been changes to the United States Sentencing Commission Guidelines, as well as new case law that the Court should be aware of. The 2025 United States Sentencing Commission Guidelines Manual, which took effect on November 1, 2025, included significant revisions to Chapter 7. Specifically, these revisions separate Violations of Probation and Violations of Supervised Release by creating a new Part C, which addresses violations of supervised release only. The amended Chapter 7 Violation Computations section and the relevant case law is included below.*

*There are no additional allegations of noncompliance. The Statutory Maximum for Reimposition of Supervised Release section of the Statutory Provisions was revised to include the previous revocation sentence.*

**I.**

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state or local crime.

**Violation of Standard Condition No. 9**

If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Nature of Noncompliance**

On June 18, 2025, Trey Dustin Taylor (Taylor) violated this condition of supervised release as evidenced by his arrest for Public Intoxication, in violation of Texas Penal Code 49.02, by the Abilene, Texas, Police Department (Abilene PD Officer). During a polygraph examination with the Texas Department of Criminal Justice (TDCJ), Abilene Division, Taylor admitted having taken more than his prescribed amount of medication. He "seemed to be drowsy, was having trouble forming sentences, was very shaky, and was slurring his words." Taylor stated he intended to drive himself home. The Abilene PD Officer determined he was a danger to himself and others in a public place and placed Taylor under arrest. Additionally, Taylor failed to notify the U.S. Probation Office of his arrest within 72 hours.

**II.**

**Violation of Special Condition No. 2**

Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., Facebook, Twitter, Snapchat, Instagram, Grinder, Tinder, etc.) that allows access any web profile of users under the age of 18.

**Violation of Special Condition No. 3**

The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material or entertainment is available.

**Nature of Noncompliance**

On June 18, 2025, Taylor violated these conditions of supervised release by admitting to possessing and viewing sexually stimulating material. While submitting to a pre-test interview for a polygraph examination with the TDCJ, Parole Division, Taylor admitted to watching pornography "around the time of his last polygraph (05/15/2025)."

Additionally, Taylor admitted to maintaining and possessing a cellular telephone and maintaining a Snapchat and YouTube account. When the polygrapher asked, what email account Snapchat and YouTube were linked to, Taylor stated, "I don't remember what I had on it" and "I made it up…I put it in and never went back." Taylor admitted he purchased the cellular telephone from Walmart.

**III.**

**Violation of Special Condition No. 6**

The defendant shall participate in an outpatient program approved by the probation officer for the treatment or narcotic, drug, or alcohol dependency that will include testing for the detention of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the cost of services rendered (copayment) at the rate of at least $20.00 per month.

**Nature of Noncompliance**

Taylor violated this condition of supervised release in or about April and June 2025. On April 25, 2025, Taylor admitted, verbally and in writing, to U.S. Probation Officer Martin Hernandez, Jr., that he improperly used his prescribed medications in "an overdose attempt" on April 16, 2025. Taylor stated that he was anxious about his upcoming polygraph examination and consumed large amounts of his prescribed medications to commit suicide. Taylor stated that he "coded" twice in the ambulance and once at the hospital.

Additionally, on June 18, 2025, while answering pre-polygraph questions, Taylor admitted that he was taking large quantities of medication in order to "be mellow" for the polygraph prior to his arrival. The polygrapher asked Taylor if he was self-medicating for a high and Taylor concurred. Taylor admitted to taking more medication than prescribed for five days prior. He stated he is prescribed 3 pills per day, and he was taking 10-15 pills a day. Furthermore, Taylor was found to be in possession of more prescribed medication than the prescription bottle was labeled for. Taylor admitted to consolidating medication from multiple doctors.

**Personal History**

Taylor began his first term of supervised release in the Northern District of Texas, Lubbock Division, on June 3, 2021. His supervision was revoked by Your Honor on April 7, 2022, for a new criminal charge of Assault on EMS Personnel Providing Services, a third-degree felony. Taylor admitted to EMS that he ingested 4 Bupropion XL pills and 1 Gabapentin by crushing and snorting them to "have a good time." Taylor then became combative and assaulted EMS. Taylor was charged and sentenced to 4 years custody in the Texas Department of Criminal Justice on October 24, 2021. Taylor began state parole on July 29, 2024, is on state parole until October 24, 2025.

Taylor began his current term of supervised release on July 29, 2024, in the Northern District of Texas, Abilene Division. On August 1, 2024, Taylor was enrolled into Clinical and Forensic Counseling (CFC), Abilene, Texas, which is a government contracted sex offender treatment provider that includes individual and group counseling. On December 29, 2024, Taylor failed a polygraph administered through CFC and Peter J. Heller and Associates. Taylor failed the polygraph examination and then became argumentative with the polygrapher. Taylor was then told that Peter J. Heller and Associates would not readminister another polygraph due to his verbal abuse. On June 18, 2025, Taylor was attempting to take a polygraph with Abilene Polygraph Services, when he admitted to the above listed conduct.

On August 1, 2024, Taylor completed a mental health evaluation with the Betty Hardwick Center (BHC), Abilene, Texas, and no services were recommended. On February 10, 2025, Taylor was enrolled into additional services with CFC for substance abuse treatment that includes individual and group counseling with random drug testing. On May 5, 2025, after Taylor's suicide attempt, he completed another mental health evaluation with BHC and was found to be in need of services. Taylor was prescribed medication and 5 hours of therapy services per month.

Taylor first released to his parents address in Clyde, Texas. State parole deemed the address as a violation to his parole conditions as a school bus stop was within a certain distance. Taylor then moved to the above listed address to live alone in a RV camper. Since his release, Taylor has maintained employment in Abilene, Texas.

**Statutory Provisions — Protect Act Supervised Release**

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | *Up to Life, minus 11 months from previous revocation, minus revocation sentence. 18 U.S.C. § 3583(h).* |

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

**Chapter 7 Violation Computations**

| | | |
|---|---|---|
| **Violation Grade:** | C | *USSG §7C1.1(a)(3), p.s.* |
| **Criminal History Category:** | III | *USSG §7C1.5, p.s.* |
| **Imprisonment Range:** | 5-11 months | *USSG §7C1.5, p.s.* |
| **Fine:** | None | *USSG §7C1.4, comment. (n.4)* |

*Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C. violation.*

*In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.*

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2026
Respectfully submitted,

Martin Hernandez, Jr.
U.S. Probation Officer
Abilene Division
Phone: 325-690-3985
Email: Martin_Hernandez@txnp.uscourts.gov

Approved,

Richard A. Cortinaz
Supervising U.S. Probation Officer
Phone: 325-486-4070

---

**Order of the Court:**

- ☐ No action.
- ☑ The Court acknowledges receipt of the First Amended Petition for Person Under Supervision. This Petition supersedes the original Petition filed on July 30, 2025.
- ☐ The Issuance of a Summons.
- ☐ Other or Additional:

- ☐ File under seal until further order of the Court.

The Honorable James Wesley Hendrix
U.S. District Judge

2/5/26
Date